IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
JUN 1 9 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| LESLIE BROOKE HARGRAVES, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. A-07-CA-014-LY |
| | § | |
| CITY OF AUSTIN, | § | |
| | § | |
| DEFENDANT. | § | |
| | § | |

### VERDICT FORM

**QUESTION ONE**

Did The City of Austin terminate Hargraves because she made a report of sexual harassment?

Answer "Yes" or "No." _____NO_____.

If you answered Question One "yes," then answer Question Two. Otherwise, do not answer Question Two and proceed directly to the last page and sign your Verdict Form.

**QUESTION TWO**

Do you find that The City of Austin has proved by a preponderance of the evidence that, following Hargraves's termination, it discovered evidence of wrongdoing by Hargraves of such severity that Hargraves in fact would have been terminated on those grounds alone if The City of Austin had known of it at the time of her discharge?

Answer "Yes" or "No." _____.

If you answered Question One "yes," then answer Question Three. Otherwise, do not answer Question Three and proceed directly to the last page and sign your Verdict Form.

**QUESTION THREE**

The purpose of compensatory damages is to make Hargraves whole–that is, to compensate Hargraves for the damage that she has suffered.

If you decide to award damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Hargraves prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You may award compensatory damages only for injuries that Hargraves proves were proximately caused by The City of Austin's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Hargraves's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize The City of Austin. You should not award compensatory damages for speculative injuries, but only for those injuries which Hargraves has actually suffered, or that Hargraves is reasonably likely to suffer in the future.

What do you find from a preponderance of the evidence to be the amount of money, if any, if paid now in cash, that would fairly and reasonably compensate Hargraves for her damages, if any, that resulted from the City of Austin's terminating Hargraves because of her reporting sexual harassment?

Consider the following elements of damages, if any, and none other.

3

Do not include benefits or interest on any amount of damages you may find, if any.

Do not include back pay or interest in calculating compensatory damages, if any.

The correct measure of damages for past lost wages is the amount of money Hargraves would have earned had she not been terminated, that is, the period of time between the date of termination and the date her temporary employment would have ended.

A.  Lost wages

Reduce lost wages, if any, by any sum you find Hargraves did earn or could have earned through the exercise of reasonable diligence in seeking or maintaining other employment.

Answer in dollars and cents for damages, if any.

Answer: $ _____.

B. Compensatory damages in the past, which includes emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, if any.

Answer: $ _____.

C. Compensatory damages in the future, which includes emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, if any.

Answer: $ _____.

SIGNED this __19__ day of June, 2008, at _____1_____ o'clock _32_ .m.

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

PRESIDING JUROR